HILL v FRAWLEY

Docket No. 88136. Submitted May 6, 1986, at Grand Rapids. Decided
    October 21, 1986.

Samuel M. Hill brought an action on August 13, 1985, in Ingham
    Circuit Court against John J. Frawley alleging legal malprac-
    tice. Plaintiff attempted to serve defendant by registered mail,
    return receipt requested, on August 19, 1985, but someone
    other than the defendant, who was on vacation, signed the
    return receipt. Defendant moved for summary disposition
    which the trial court, Thomas L. Brown, J., granted based on
    plaintiff's failure to effectuate service in conformity with MCR
    2.105(A)(2). Plaintiff appealed from the order granting sum-
    mary disposition.

    The Court of Appeals *held:*

    1. If a defendant actually receives a copy of the summons and
    the complaint within the permitted time, he cannot have the
    action dismissed on the ground that the manner of service
    contravenes the rules.

    2. Plaintiff's manner of service notified defendant of the
    pendency of the action. Although defendant did not sign the
    return receipt, he acknowledged receiving the summons and
    complaint by retaining counsel and filing a summary disposi-
    tion motion. Thus, plaintiff's service was as effective as if
    defendant had signed the receipt.

    3. Dismissal is neither warranted nor allowed by MCR
    2.105(J)(3) when, as in this case, the manner of service actually
    used satisfies constitutional due process requirements by giving
    a defendant sufficient notice.

    Reversed and remanded.

REFERENCES

Am Jur 2d, Process §§ 27, 38 *et seq.,* 164 *et seq.*

Who is "person of suitable age and discretion" under statutes or
    rules relating to substituted service of process. 91 ALR3d 827.

Place or manner of delivering or depositing papers, under statutes
    permitting service of process by leaving copy at usual place of
    abode or residence. 87 ALR2d 1163.

Failure to make return as affecting validity of service or court's
    jurisdiction. 82 ALR2d 668.

1. PROCESS — SERVICE OF PROCESS — DUE PROCESS.

Service of process rules are intended to satisfy the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses.

2. PROCESS — SERVICE OF PROCESS — IMPROPER SERVICE — COURT RULES.

An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided for service; where a defendant actually receives a copy of the summons and complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rules (MCR 2.102[D], 2.105[J][3]).

3. PROCESS — SERVICE OF PROCESS — PROOF OF SERVICE — COURT RULES.

The failure to file a proof of service does not affect the validity of the service (MCR 2.104[B]; MCL 600.1910[3]; MSA 27A.1910[3]).

Samuel M. Hill, *in propria persona.*

*Fraser, Trebilcock, Davis & Foster, P.C.* (by *C. Mark Hoover*), for defendant.

Before: DANHOF, C.J., and D. E. HOLBROOK, JR., and M. E. DODGE,* JJ.

M. E. DODGE, J. Plaintiff filed his complaint on August 13, 1985, alleging legal malpractice by defendant. Plaintiff attempted to serve defendant by certified mail on August 15, 1985, but failed to enclose a copy of the complaint. Service was attempted again by registered mail, return receipt requested, on August 19, 1985, but someone other than defendant, who was on vacation, signed the return receipt. Defendant moved for summary disposition pursuant to MCR 2.116(C)(2), insuffi-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

cient process, and MCR 2.116(C)(3), insufficient service of process, on September 5, 1985. Defendant argued that the service did not comply with MCR 2.105(A)(2) because he did not sign for the letter. The trial court granted defendant's motion on September 25, 1985. We reverse and remand for further proceedings.

Service-of-process rules are intended to satisfy the due process requirement that a defendant be informed of the pendency of an action by the best means available, by methods reasonably calculated to give a defendant actual notice of the proceeding and an opportunity to be heard and to present objections or defenses. See *Mullane v Central Hanover Bank & Trust Co,* 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950); *Krueger v Williams,* 410 Mich 144, 156-158; 300 NW2d 910 (1981), app dis 452 US 956; 101 S Ct 3102; 69 L Ed 2d 967 (1981).

This constitutional precept has been included in a new section of the Michigan Court Rules, MCR 2.105(J)(3), which states: "An action shall not be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." Apparently, the time limit referred to is the 182-day period after which a summons expires. MCR 2.102(D). The use of "shall not" in the rule indicates that it is mandatory. Thus, if a defendant actually receives a copy of the summons and complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rules. See generally, 1 Martin, Dean & Webster, Michigan Court Rules Practice (3d ed), pp 105-106.

In the instant case, plaintiff's manner of service notified defendant of the pendency of the action. Although defendant did not sign the return receipt as prescribed in MCR 2.105(A)(2), defendant ac-

knowledged receiving the summons and complaint by retaining counsel and filing a summary disposition motion. Thus, plaintiff's service was as effective as if defendant had signed the receipt. Arguably, defendant's signature on a return receipt is more a part of proof of service than of service itself, and failure to file a proof of service does not affect the validity of the service. MCR 2.104(B); MCL 600.1910(3); MSA 27A.1910(3).

MCR 2.105(J)(3) clashes with some of the service-of-process rules, but when the manner actually used satisfies constitutional due process requirements by giving a defendant sufficient notice, as in the instant case, dismissal is neither warranted nor allowed by the rule. While dismissal, or other sanctions, might be appropriate in some cases, this is not such a case. See Martin, Dean & Webster, *supra.*

Accordingly, we reverse the grant of summary disposition and remand for further proceedings.

Plaintiff's motion for summary disposition was never heard by the trial court. Inasmuch as the trial court never reached the merits of plaintiff's legal malpractice claim and never reduced it to judgment, those issues are not properly before us, but will presumably be considered in any further proceedings.

Reversed and remanded.