SALTER v PATTON

Docket No. 243053. Submitted February 4, 2004, at Lansing. Decided
April 13, 2004, at 9:10 A.M.

Terry Salter, personal representative of the estate of Jill I. Salter,
deceased, brought a wrongful death, medical malpractice action in
the Washtenaw Circuit Court against William F. Patton, M.D.;
Pulmonary Medicine, P.C.; and four others. After defendants other
than Patton and Pulmonary Medicine settled and were dismissed
from the case, Patton and Pulmonary Medicine moved for leave to
file notice of identification of the dismissed defendants as nonpar-
ties at fault pursuant to MCR 2.112(K). The plaintiff responded
that liability is joint and several in medical malpractice actions
under MCL 600.6304(6)(a) and that the remaining defendants
may not allocate fault to the former defendants who settled. The
court, David S. Swartz, J., ruled that allocation of fault was proper
under MCR 2.112(K) but denied the motion on the bases that it
was untimely and that, if granted, it would result in unfair
prejudice to the plaintiff. Patton and Pulmonary Medicine (here-
after the defendants) appealed by leave granted.

The Court of Appeals *held*:

1. Pursuant to MCL 600.6304(1), (4), (6)(a), and MCL
600.2957(1), the fact-finder in a wrongful death action must
allocate liability among nonparties, even in medical malpractice
actions where the plaintiff is not at fault, before joint and several
liability is imposed on each defendant. Once joint and several
liability is determined to apply, joint and several liability prohibits
the limitation of damages to one's percentage of fault.

2. Subsection 6304(4) provides that, regardless of whether a
nonsettling defendant is only partially at fault, his liability is joint
and several. Therefore, regardless of whether allocation of fault is
used, a liable defendant is not entitled to a reduction of damages
on the basis of that finding.

3. The common-law rules of setoff survived tort reform. There-
fore, the plaintiff is not entitled to double recovery from the
settling and nonsettling defendants because the judgment will be
reduced by the amount of the settlement. Setoff, not contribution,
applies, and the amount of the settlement and the entire judgment

are at issue here, not the amount of fault allocated to each settling and nonsettling defendant.

4. MCR 2.112(K)(3)(c) required the trial court to grant the defendants' motion to file notice of nonparty fault because the defendants could not have known about the need to file the notice until after the settlement. The trial court erred in finding that under the facts presented in this matter the plaintiff would have been prejudiced by the granting of the motion.

Reversed and remanded.

ACTIONS — WRONGFUL DEATH — MEDICAL MALPRACTICE — ALLOCATIONS OF FAULT.

The fact-finder in a wrongful death action must allocate liability among all parties and nonparties, even in medical malpractice actions where the plaintiff is not at fault, before joint and several liability may be imposed on each defendant in a medical malpractice action; once joint and several liability is determined to apply, joint and several liability prohibits the limitation of damages to one's percentage of fault (MCL 600.2957[1], 600.6304[1], [4], [6][a]).

*Davis & Kuhnke, P.C.* (by *Peter A. Davis* and *Carol A. Kuhnke*), for the plaintiff.

*John Patrick O'Leary* and *Sarah J. Lyons* for the defendants.

Before: SAWYER, P.J., and SAAD and BANDSTRA, JJ.

SAAD, J. In this wrongful death action, defendants William F. Patton, M.D., and Pulmonary Medicine, P.C., appeal by leave granted from the trial court's order that denied their motion for leave to file notice of nonparty fault. We reverse and remand for further proceedings consistent with this opinion.

I. PROCEDURAL HISTORY

Plaintiff filed this wrongful death, medical malpractice action against defendants for their failure to timely diagnose and treat plaintiff's decedent, Jill I. Salter. In April 2002, plaintiff settled claims against defendants

Chelsea Community Hospital; Chelsea Internal Medicine Consultants, P.C.; David K. Vallance, M.D.; and Yun Ching Chen, M.D., for $650,000. Thereafter, the settling defendants were dismissed from the case. On April 8, 2002, defendants Patton and Pulmonary Medicine, P.C., moved for leave to file notice of identification of Chelsea Community Hospital, Chelsea Internal Medicine Consultants, P.C.; David K. Vallance, M.D.; and Yun Ching Chen, M.D., as nonparties at fault pursuant to MCR 2.112(K). In response, plaintiff argued that liability is joint and several in medical malpractice cases under MCL 600.6304(6)(a) and that defendants may not allocate fault to former defendants who settled their claims.

The trial court denied defendants' motion in a written opinion and order issued on August 6, 2002. Though the trial court ruled that an allocation of fault is proper under MCR 2.112(K), the court concluded that defendants' motion was untimely and that granting the motion would result in "unfair prejudice to the opposing party."

## II. ANALYSIS

### A. STANDARDS OF REVIEW

The interpretation and application of statutes are issues of law reviewed de novo on appeal. *Danse Corp v Madison Hts,* 466 Mich 175, 178; 644 NW2d 721 (2002). Similarly, the interpretation of court rules constitutes a legal question that this Court reviews de novo. *CAM Constr v Lake Edgewood Condo Ass'n,* 465 Mich 549, 553; 640 NW2d 256 (2002).

### B. ALLOCATION OF FAULT

While the parties acknowledge that joint and several liability remains in medical malpractice cases like this

one, where plaintiff was not at fault, defendants assert that the allocation of fault provisions in MCL 600.2957 and MCL 600.6304 nonetheless apply. See MCL 600.6304(6); *Kokx v Bylenga*, 241 Mich App 655, 662 n 3; 617 NW2d 368 (2000). A plain reading of MCL 600.6304 requires an initial allocation of fault, regardless of whether joint and several liability ultimately applies. MCL 600.6304 provides:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death involving fault of more than 1 person, including third-party defendants and nonparties, the court, unless otherwise agreed by all parties to the action, shall instruct the jury to answer special interrogatories or, if there is no jury, shall make findings indicating both of the following:
>
> (a) The total amount of each plaintiff's damages.
>
> (b) The percentage of the total fault of all persons that contributed to the death or injury, including each plaintiff and each person released from liability under section 2925d, regardless of whether the person was or could have been named as a party to the action.
>
> (2) In determining the percentages of fault under subsection (1)(b), the trier of fact shall consider both the nature of the conduct of each person at fault and the extent of the causal relation between the conduct and the damages claimed.
>
> \*  \*  \*
>
> (4) Liability in an action to which this section applies is several only and not joint. Except as otherwise provided in subsection (6), a person shall not be required to pay damages in an amount greater than his or her percentage of fault as found under subsection (1). This subsection and section 2956 do not apply to a defendant that is jointly and severally liable under section 6312.

Reading subsections 6304(1) and (2) with subsection 6304(6), the jury must first allocate fault under subsections 6304(1) and (2) and, in a medical malpractice case, if the plaintiff is without fault, liability is joint and several:

> (6) If an action includes a medical malpractice claim against a person or entity described in section 5838a(1), 1 of the following applies:
>
> (a) If the plaintiff is determined to be without fault under subsections (1) and (2), the liability of each defendant is joint and several, whether or not the defendant is a person or entity described in section 5838a(1).
>
> (b) If the plaintiff is determined to have fault under subsections (1) and (2), upon motion made not later than 6 months after a final judgment is entered, the court shall determine whether all or part of a party's share of the obligation is uncollectible from that party, and shall reallocate any uncollectible amount among the other parties, whether or not another party is a person or entity described in section 5838a(1), according to their respective percentages of fault as determined under subsection (1). A party is not required to pay a percentage of any uncollectible amount that exceeds that party's percentage of fault as determined under subsection (1). The party whose liability is reallocated continues to be subject to contribution and to any continuing liability to the plaintiff on the judgment.

Accordingly, notwithstanding the statute's retention of joint and several liability in medical malpractice actions where a plaintiff is not at fault, MCL 600.6304(6) explicitly requires an allocation of fault under subsections 6304(1) and (2). Further, the medical malpractice subsection, subsection 6304(6), refers the reader to subsections 6304(1) and (2) and subsection 6304(1) states that the jury or fact-finder *shall* allocate fault. "The word 'shall' is unambiguous and is used to denote mandatory, rather than discretionary, action." *STC, Inc v Dep't of Treasury*, 257 Mich App 528, 537; 669 NW2d

594 (2003). The allocation of fault is not *limited* to situations where a plaintiff was at fault; subsections 6304(1) and (2) plainly require a comprehensive allocation of fault.[1]

This interpretation is consistent with the allocation of fault provision found in MCL 600.2957, which is to be read in pari materia with MCL 600.6304, *State Treasurer v Schuster*, 456 Mich 408, 417; 572 NW2d 628 (1998), and which provides in relevant part as follows:

> (1) In an action based on tort or another legal theory seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.

---

[1] One could arguably interpret subsection 6304(4) to preclude allocation of fault in medical malpractice cases where joint and several liability exists because subsection 6304(4) provides that "[l]iability in an action to which this section applies is several only and not joint" and states that a person is not prevented from paying more damages than the percentage of the person's fault where subsection 6304(6) imposes joint and several liability. See, for example, *Markley v Oak Health Care Investors of Coldwater, Inc*, 255 Mich App 245, 253-254; 660 NW2d 344 (2003).

In construing a statute, the court should presume that every word has some meaning and should avoid any construction that would render any part of a statute surplusage or nugatory. *Hoste v Shanty Creek Mgt, Inc*, 459 Mich 561, 574; 592 NW2d 360 (1999). As far as possible, effect should be given to every sentence, phrase, clause, and word. *Pohutski v City of Allen Park*, 465 Mich 675, 684; 641 NW2d 219 (2002).

Here, the only way to avoid rendering the statutory language at issue nugatory is to conclude that the statute requires an initial allocation of fault, but that, once joint and several liability is determined to apply pursuant to subsection 6304(6)(a), the imposition of joint and several liability prohibits limiting one's damages in proportion to that person's percentage of fault.

* * *

> (3) . . . Assessments of percentages of fault for nonparties are used only to accurately determine the fault of named parties. If fault is assessed against a nonparty, a finding of fault does not subject the nonparty to liability in that action and shall not be introduced as evidence of liability in another action.

Pursuant to subsection 2957(1), in wrongful death actions, it is mandatory for the trier of fact to allocate the liability of each person. Again, the word "shall" designates a mandatory provision. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 65; 642 NW2d 663 (2002). After mandating an allocation of liability to each person, subsection 2957(1) provides that the allocation of liability is to be "subject to section 6304, in direct proportion to the person's percentage of fault." This language indicates that the limitations set forth in MCL 600.6304(4) and (6) that prohibit allocating fault "in direct proportion to the person's percentage of fault" in medical malpractice cases where liability is joint and several take precedence over the procedure for allocating liability set forth in MCL 600.2957(1). Thus, to avoid rendering any of the language of MCL 600.6304(1), (4), and (6)(a) as well as MCL 600.2957(1) nugatory, we construe those provisions to provide that the fact-finder shall allocate liability among nonparties even in medical malpractice cases where the plaintiff is not at fault before joint and several liability is imposed on each defendant. Further, once joint and several liability is determined to apply, joint and several liability prohibits the limitation of damages to one's percentage of fault. While plaintiff urges us to conclude that allocation of fault to settling nonparties does not apply in medical malpractice cases where joint and several liability is imposed, "a court's constitutional obligation

is to interpret, not rewrite, the law." *Ambs v Kalamazoo Co Rd Comm,* 255 Mich App 637, 650; 662 NW2d 424 (2003). Any responsibility to rewrite the statutes lies with the Legislature.[2]

### C. SETOFF

Again, subsection 6304(4) makes clear that, regardless of whether a nonsettling defendant is only partially at fault, his liability is joint and several. Therefore, regardless of whether allocation of fault is used, a liable defendant is not entitled to a reduction of damages on the basis of that finding. Moreover, and contrary to defendants' argument below, the parties agreed at oral argument that allocation of fault has nothing to do with the nonsettling defendants' ability to recover from other, settling defendants. In *Markley v Oak Health Care Investors of Coldwater, Inc,* 255 Mich App 245, 256-257; 660 NW2d 344 (2003), the Court held that common-law rules of setoff survived tort reform. Thus, plaintiffs are not entitled to double recovery from settling and nonsettling defendants because the judgment will be reduced by the amount of the settlement. Setoff, not contribution, applies and, therefore, the amount of the settlement and the entire judgment are at issue, not the amount of fault allocated to each settling and nonsettling defendant.

---

[2] Though plaintiff cites several cases in support of the rule that under the law of joint and several liability "a remaining defendant may not allocate fault to any of the settling defendants," see *Dep't of Transportation v Thrasher,* 446 Mich 61, 82-83; 521 NW2d 214 (1994), *Gagnon v Dresser Industries Corp,* 130 Mich App 452, 460; 344 NW2d 582 (1983), and *Anderson v Harry's Army Surplus, Inc,* 117 Mich App 601, 613, 324 NW2d 96 (1982), each of those cases was decided before tort reform, and therefore before the enactment of the allocation of fault provisions found in MCL 600.6304 and MCL 600.2957 at issue here. Accordingly, this case law is not persuasive.

D. TIMELINESS OF MOTION

Though the trial court ruled that an allocation of fault is required, it denied defendants' motion to file notice of nonparty fault because plaintiff would be prejudiced by the granting of the motion so late in the proceedings. MCR 2.112(K)(3)(c) provides:

> The notice must be filed within 91 days after the party files its first responsive pleading. On motion, the court shall allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier, provided that the late filing of the notice does not result in unfair prejudice to the opposing party.

Defendants were undoubtedly late in filing the motion because they did so well over ninety-one days from the time they filed their first responsive pleading. However, as defendants point out, all the parties named in their notice were parties to the action up to the time they settled, and discovery was comprehensive. Furthermore, after the settlement, defendants almost immediately filed their motion to file notice of nonparty fault. Indeed, the court rule requires the trial court to grant the motion in this case because defendants could not have known about the need to file notice until after the settlement ("the court *shall* allow a later filing of the notice on a showing that the facts on which the notice is based were not and could not with reasonable diligence have been known to the moving party earlier . . . .").

However, the second half of the rule requires that the plaintiff cannot suffer unfair prejudice by the grant of a late motion. In *Staff v Johnson*, 242 Mich App 521, 532; 619 NW2d 57 (2000), this Court ruled that "orderly docket management" is a valid consideration and courts should not be required to "add additional parties with-

out regard to the stage of the court proceedings and expiration of the two-year period of limitation." *Staff* is clearly distinguishable because, here, there is no statute of limitations problem, defendants clearly could not have filed the notice any sooner, and the named parties were all involved in the case during discovery. Thus, there is no prejudicial "change of focus" of the trial and, other than the fact that trial may have been delayed to give plaintiff more time to prepare, there does not appear to be a prejudicial effect on plaintiff. Indeed, as defendants note, it appears that the trial court decided the motion several weeks after it was filed and at least contributed to the need to adjourn the trial.

Under these facts, we hold that the trial court erred by failing to grant defendants' motion to file notice of nonparty fault. The allocation of fault is required by the statute and defendants filed the motion after the settlement.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.