BELL v REN-PHARM, INC

Docket No. 255977. Submitted December 6, 2005, at Grand Rapids. Decided January 19, 2006, at 9:00 a.m. Leave to appeal sought.

William and Heather Bell, guardians of Taylor Blasi, a minor, brought an action in the Kalamazoo Circuit Court against Ren-Pharm, Inc.; pharmacist Edward Nantais, the owner and operator of Ren-Pharm, Inc.; Paragon Health, P.C.; and Craig A. Mahoney, M.D., claiming medical malpractice relating to burns suffered by the minor after ointment supplied by Nantais and Ren-Pharm was applied by the minor's grandmother. The jury issued a special verdict that found negligence, with fault allocated at 20 percent to Nantais and Ren-Pharm and 80 percent to the grandmother, who was not a party in this action. The court, J. Richard Johnson, J., determined that Nantais and Ren-Pharm were jointly and severally liable for all the damages awarded, including those attributable to the grandmother. Nantais and Ren-Pharm appealed the determination of their joint and several liability.

The Court of Appeals *held*:

The trial court was correct in determining that the appellants are jointly and severally liable for all the injuries to the minor, even those attributable to the fault of the grandmother, a nonparty. In most tort actions, liability is several only, not joint, and the fact-finder must consider all persons who contributed to the injury, including nonparties, in allocating fault. MCL 600.2956, 600.6304(1)(b), and 600.6304(4). However, in a medical malpractice case in which the plaintiff is without fault, the liability of each defendant is joint and several for the total damages in the case; the defendant's joint and several liability extends to damages attributable to the fault of a nonparty. MCL 600.6304(6)(a). The purpose of joint liability is to place the burden of injustice, if inevitable, on the wrongdoer instead of on the innocent plaintiff. While there may be some injustice in holding an at-fault defendant jointly and severally liable for damages attributable to some other person's fault, it would be more unjust to leave an innocent plaintiff with only a partial recovery of damages if the other person cannot be effectively pursued.

Affirmed.

NEGLIGENCE — MEDICAL MALPRACTICE — FAULT — JOINT AND SEVERAL LIABILITY.

> In a medical malpractice case in which the plaintiff is without fault, the liability of each defendant is joint and several for the total damages in the case, including those allocated to nonparties (MCL 600.6304[6][a]).

*Chambers, Steiner & Sturm, P.L.C.* (by *Martin R. Sturm*), for the plaintiffs.

*Jonathan S. Damon* for the defendants.

Before: WHITBECK, C.J., and BANDSTRA and MARKEY, JJ.

BANDSTRA, J. The question presented is whether the joint and several liability of a defendant under the tort reform statute, MCL 600.6304(6)(a), extends to damages attributable to the fault of a named nonparty. We conclude that the trial court correctly determined that it does, and we affirm.

### FACTUAL BACKGROUND

The minor child, Taylor Blasi, experienced burns to his legs after an ointment supplied by defendants Ren-Pharm, Inc.; and pharmacist Edward Nantais (the owner and operator of Ren-Pharm, Inc.) was applied by his grandmother, Geraldine Martindale.

As a result of Taylor's injuries, plaintiffs sued defendants, but not Martindale. However, defendants named Martindale as a nonparty at fault.[1] Following trial, the jury issued a special verdict finding that the negligence

---

[1] Defendants contend that they did not file a third-party complaint against Martindale, see MCR 2.204(A)(1), because, at the time, they were not sure whether the contribution statute, MCL 600.2925a, survived the tort reform legislation. That issue is not raised on appeal and has nothing to do with the issue of statutory construction we address here.

of Martindale and defendants proximately caused Taylor's injuries and that defendants were 20 percent at fault while Martindale was 80 percent at fault. The trial court determined that defendants were jointly and severally liable for the damages attributable to Martindale's fault, notwithstanding defendants' argument that joint and several liability should not extend to persons who are not a party to an action. That is the sole question presented on appeal.

### STANDARD OF REVIEW

We review de novo questions of statutory interpretation. *Shinholster v Annapolis Hosp*, 471 Mich 540, 548; 685 NW2d 275 (2004). Our primary goal in statutory construction is to discern and give effect to the Legislature's intent. *Id.* at 548-549. We first examine the specific language of the statute, because the Legislature is presumed to have intended the meaning it has plainly expressed. *Dana v American Youth Foundation*, 257 Mich App 208, 212; 668 NW2d 174 (2003). If the language is clear and unambiguous, judicial construction is neither required nor permitted, and the statute must be enforced as written. *Shinholster, supra* at 549; *Dana, supra* at 212.

### ANALYSIS

Pursuant to tort reform amendments of the Revised Judicature Act, the fact-finder in a tort action is ordinarily instructed to determine "[t]he percentage of the total fault of all persons that contributed to the death or injury . . . regardless of whether the person was or could have been named as a party to the action." MCL 600.6304(1)(b). In most tort actions, liability "is several only and not joint," meaning that "a person shall not be required to pay damages in an amount greater than his

or her percentage of fault" as determined by the fact-finder. MCL 600.6304(4). However, this case falls within an exception to that rule because it is a medical malpractice action in which plaintiffs have been determined to be without fault. MCL 600.6304(6)(a). Accordingly, "the liability of each defendant is joint and several . . . ." *Id.*

Defendants argue that, because this phrase only mentions "each defendant," its plain meaning is that defendants are jointly and severally liable only for damages arising from the fault of other defendants, not at-fault nonparties. Defendants argue that, had the Legislature wanted the liability to extend to such non-parties, the statute would have been drafted to say "the liability of each defendant *and nonparty* is joint and several." To the contrary, plaintiffs argue that the statute clearly makes each defendant jointly and severally liable for all damages, including those attributable to the fault of a nonparty. We conclude that both of these arguments are wrong; the statute is simply silent on the question presented.

As part of tort reform legislation, MCL 600.2956 generally abolished joint and several liability and replaced it with " 'fair share liability' " where each tortfeasor only pays the portion of the total damages award that reflects that tortfeasor's percentage of fault. *Markley v Oak Health Care Investors of Coldwater, Inc*, 255 Mich App 245, 253; 660 NW2d 344 (2003), quoting *Smiley v Corrigan*, 248 Mich App 51, 55; 638 NW2d 151 (2001). In other words, joint and several liability has, in general, been replaced with several liability. However, in medical malpractice cases like this one, the statutory exception at issue preserves joint and several liability for defendants determined to be at fault. MCL 600.6304(6)(a) does nothing more than this. It does not

provide that a defendant's joint and several liability only extends to damages attributable to the fault of other named defendants, as defendants argue,[2] and it does not provide that a defendant's joint and several liability extends to damages found to be attributable to the fault of any person, including a nonparty, as plaintiffs argue. The statute merely provides that defendants are jointly and severally liable, without specifying the extent of that liability.

Although plaintiffs cite both *Markley* and *Salter v Patton*, 261 Mich App 559; 682 NW2d 537 (2004), neither of these precedents, nor any others we could find, addressed the statutory question presented. As noted above, however, the Legislature preserved the then-existing joint and several liability system for cases such as this when it otherwise abrogated those principles for other cases. Accordingly, we consider it appropriate to consider general principles of joint and several liability in determining the question at issue. *Markley, supra* at 256 ("[J]oint and several liability principles presumptively remained intact, where, as here, joint and several liability was not abrogated by the Legislature."). That approach is consistent with the presumption that the Legislature knew the law surrounding joint and several liability when it decided to preserve that liability in cases such as this. See *American Federation of State, Co, and Muni Employees v Detroit*, 267 Mich App 255, 269; 704 NW2d 712 (2005). Because the tort reform act is silent on the question presented, it is logical to assume that the Legislature intended the question would be resolved using generally applicable

---

[2] In specific response to defendants' argument, the statute only refers to "defendant[s]" because they are the only persons on whom joint and several liability is imposed. It would be nonsensical for the statute to also refer to "nonparties" in that context because nonparties cannot be adjudged liable.

principles of joint and several liability, as long as those
principles do not conflict with current statutes.[3] *Mark-
ley, supra* at 256-257.

Turning to general principles of joint and several
liability, we conclude that plaintiffs are correct and
that defendants' joint and several liability extends to
damages attributable to the fault of a nonparty such
as Martindale. The current Restatement of Torts
states the general rule of joint and several liability[4] as
follows:

> If the independent tortious conduct of two or more
> persons is a legal cause of an indivisible injury, each person
> is jointly and severally liable for the recoverable damages
> caused by the tortious conduct. [Restatement Torts, 3d,
> Apportionment of Liability, § A18, p 160.]

By its language, this provision extends joint and several
liability to damages arising out of the "tortious conduct
of two or more persons," not just parties to the litiga-
tion. Further, the comment to this provision points out
that one of its "important consequences" is that "a
plaintiff may sue and recover all damages from any
defendant found liable[,] . . . [putting] the burden of
joining and asserting a contribution claim against other
potentially responsible persons on the defendant." *Id.*
at p 160, comment *a.* In other words, a defendant is
liable for "all damages," even those arising from the

---

[3] Our resolution of the question presented does not conflict with the
tort reform statute. To the contrary, it is consistent with the statutory
mandate that the total fault of all persons shall be determined, regardless
of whether they were named as parties. MCL 600.6304(1)(b).

[4] The third Restatement of Torts recognizes that joint and several
liability has been abrogated or modified in most jurisdictions. Its sum-
mary of joint and several liability principles is presented as one "track"
among many different approaches applicable in various jurisdictions or to
various classes of cases.

fault of "other potentially responsible persons," and even if they have not been named as parties in a tort action. *Id.*

The third Restatement of Torts does not alter the principles of joint and several liability as they were summarized in the second Restatement of Torts. *Id.* The second Restatement of Torts also provided that the joint and several liability of a defendant extends to damages caused by a person not a party to a tort action: "If two persons would otherwise be liable for a harm, one of them is not relieved from liability by the fact that the other has an absolute privilege to act or immunity from liability to the person harmed." 4 Restatement Torts, 2d, § 880, p 325. This rule "applies to situations in which one who, because of a relation to another or because of a general immunity from tort liability, is not civilly responsible for an act that except for the immunity would have created liability, and in which there is another whose conduct is also a legal cause of the harm." *Id.* at p 325, comment *a*. In such a situation, a person who is not immune and who is subject to suit is jointly and severally liable for damages arising out of the acts of a person not named as a party because of some immunity protection.

That was the situation presented in the only Michigan precedent we could find on point, *Johnston v Billot*, 109 Mich App 578; 311 NW2d 808 (1981), in which this Court applied the Restatement approach. There, the plaintiff's decedent died in a work-related accident and the plaintiff received workers' compensation benefits from the decedent's employer. The plaintiff then brought a negligence claim against the defendant, an independent contractor, but not the employer, apparently because of the "exclusive remedy" provision of the Worker's Disability Compensation Act, MCL 418.101 *et*

*seq. Johnston, supra* at 581-582. Before trial, the court granted the defendant's motion to add the employer as a nonparty defendant to establish the degree of negligence attributable to the employer. *Id.* at 582. The jury returned a verdict in favor of the plaintiff in the amount of $95,000 and found the percentage of negligence attributable to the defendant and to the employer to be 50 percent each. *Id.* at 583. The trial court reduced the judgment against the defendant independent contractor to $47,500 as a result, and the plaintiff appealed. *Id.*

This Court reversed the trial court's order, opining that:

> In this case, the jury attributed 50% of the negligence to both defendant and [the employer], while finding decedent free from negligence. Pursuant to the workers' compensation act, [the employer's] payment of compensation was the sole claim plaintiff had against him. MCL 418.131 . . . . Therefore, plaintiff's only source of recovery in a wrongful death action was defendant. To reduce the amount of damages to correspond to defendant's proportionate fault would penalize an innocent plaintiff by requiring the estate to bear 50% of the loss. The unfairness of such a result is a good reason why the doctrine of joint and several liability has not been abolished by the adoption of comparative negligence. The trial court's decision to reduce defendant's liability to correspond to his proportionate fault is reversed. [*Johnston, supra* at 587.]

The *Johnston* Court's reasoning was consistent with precedents recognizing that the purpose of joint liability is to place the burden of injustice, if injustice is inevitable, on the wrongdoer instead of on the innocent plaintiff. See, e.g., *Abel v Eli Lilly & Co*, 94 Mich App 59, 76; 289 NW2d 20 (1979). In other words, while there may be some injustice in holding an at-fault defendant jointly and severally liable for damages attributable to

some other person's fault, it would be more unjust to leave an innocent plaintiff with only a partial recovery of damages if the other person cannot be effectively pursued. Restatement Torts, 3d, Apportionment of Liability, § A18, p 160, comment *a* ("[T]he risk that one or more legally responsible parties will be insolvent or otherwise unavailable to pay for the plaintiff's injury is placed on each jointly and severally liable defendant— the plaintiff does not bear this risk.").

Under *Johnston* and the Restatement of Torts, that underlying purpose of joint and several liability extends even to damages caused by the fault of a person not a party to an action. The trial court was correct in determining that defendants are jointly and severally liable for all of Taylor's injuries, even those attributable to the fault of Martindale.

We affirm.