# STATE OF MICHIGAN

# COURT OF APPEALS

DENNIS BASSETT,

   Plaintiff-Appellant,

v

JESSIE MARIE HARDIN,

   Defendant,

and

AFFIRMATIVE INSURANCE SERVICES,

   Defendant-Appellee.

UNPUBLISHED
March 19, 2015

No. 320267
Oakland Circuit Court
LC No. 2010-112534-NI

Before: BOONSTRA, P.J., and SAWYER and O'CONNELL, JJ.

PER CURIAM.

Plaintiff, Dennis Bassett, appeals as of right the trial court's order denying his motion to reinstate his case against defendant, Affirmative Insurance Services (Affirmative). The trial court dismissed Bassett's case for improper service and failed to notify Bassett that it had done so. We reverse and remand for further proceedings.

## I. FACTS

Bassett was injured in an automobile accident with defendant Jessie Marie Hardin in April 2010. He filed a complaint against Hardin in August 2010. On March 14, 2010, Bassett amended his complaint to add claims against Affirmative. Affirmative was Hardin's insurer.

The trial court issued a summons on March 15, 2011. On May 22, 2011, Bassett filed a copy of the certified mail receipt, indicating that "DAS 1-5" signed for the summons and complaint at Affirmative's post office box in Addison, Texas. This address is Affirmative's address "for appointments, cancellations, and renewal purposes." Affirmative's registered agent was located in Bingham Farms, Michigan. The summons expired on June 13, 2011.

On July 20, 2011, the trial court clerk entered a "final court dismissal summons has expired as to Affirmative[.]" Bassett claims that the trial court did not notify him of the dismissal, and no notice of dismissal or proof of service is contained in the lower court file or

-1-

register of actions. On July 21, 2011, the trial court entered a stipulated order between Bassett and Hardin that dismissed the case against Hardin for binding arbitration. The trial court's order indicated that the order dismissing Hardin "DOES NOT dispose of the last pending claim and DOES NOT close this case." The trial court's register of actions indicates that it subsequently reinstated the case, noting "final disposition error clerical," and then dismissed it again, noting "final disp-order binding arb."

On July 22, 2011, Bassett filed a proof of service that indicated that he served a copy of the summons, complaint, and witness list by certified mail to Affirmative's address in Addison, Texas. "Bryan Osborne" acknowledged receipt. In September 2013, Bassett's counsel filed a motion to reinstate the case against Affirmative and enforce an agreement to arbitrate on the apparently mistaken belief that Affirmative had also been dismissed for arbitration.

On October 20, 2013, Bassett moved to reinstate the case on the basis of a clerical error. Bassett contended that the trial court had improperly dismissed his case against Affirmative for lack of service. Affirmative responded to Bassett's motion, contending that Bassett had failed to serve it properly. After conducting a hearing and reviewing the motion, the trial court denied Bassett's motion to reinstate the case, reasoning that Affirmative was not properly served "because their resident agent was not served with notice of process[.]" Bassett now appeals.

## II. STANDARD OF REVIEW

This Court reviews for an abuse of discretion a trial court's ruling on a motion to set aside an order of dismissal for non-service. *Bullington v Corbell*, 293 Mich App 549, 554-555; 809 NW2d 657 (2011). The trial court abuses its discretion when its decision falls outside the range of principled outcomes, *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006), or when it makes an error of law. *In re Waters Drain Drainage Dist*, 296 Mich App 214, 220; 818 NW2d 478 (2012).

## III. SERVICE OF PROCESS

Bassett contends that the trial court did not properly dismiss his action for lack of service under MCR 2.105(J)(3) because Affirmative had actual knowledge of the action. We agree that dismissal was improper if Affirmative had actual knowledge of the action, but conclude that the existing record is insufficient to determine Affirmative's knowledge.

The service of process rules are "intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances." MCR 2.105(J)(1). "With regard to private corporations, the court rules require personal service on an officer, registered agent, director, trustee, *or* person in charge of an office or business establishment." *Bullington*, 293 Mich App at 558 (emphasis added). See MCR 2.105(D)(1) and (2). The service of process rules also provide that "[a]n action *shall not* be dismissed for improper service of process unless the service failed to inform the defendant of the action within the time provided in these rules for service." MCR 2.105(J)(3). "[I]f a defendant actually receives a copy of the summons and complaint within the permitted time, he cannot have the action dismissed on the ground that the manner of service contravenes the rules." *Hill v Frawley*, 155 Mich App 611, 613; 400 NW2d 328 (1986).

In this case, Bassett does not dispute that he failed to properly serve Affirmative under MCR 2.105(D). However, the trial court impermissibly ended its inquiry there. In response to Bassett's motion to set aside the dismissal, Affirmative provided the trial court with a copy of the envelope that had contained the summons and complaint. Thus, there was at least some evidence that Affirmative may have had actual knowledge of the pending action. But there is no indication in the record regarding whether DAS or Bryan Osborne are persons against whom actual knowledge could be imputed to Affirmative or, if they were not, when Affirmative received actual knowledge of the action. We conclude that the trial court erred as a matter of law when it dismissed the action without determining whether dismissal was appropriate under MCR 2.105(J)(3).

We do not reach Bassett's argument that the trial court's dismissal of his case without notice deprived him of due process because we resolve the case on narrower grounds. However, this opinion does not preclude Bassett from raising his due process argument on remand.

We reverse and remand. We do not retain jurisdiction.

/s/ David H. Sawyer
/s/ Peter D. O'Connell

-3-