# STATE OF MICHIGAN

# COURT OF APPEALS

CHELSIE BARKER, A Minor, by her Conservator
HOWARD LINDEN,

       Plaintiff-Appellee,

v

HUTZEL WOMEN'S HOSPITAL,

       Defendant-Appellant,

and

DETROIT MEDICAL CENTER/WAYNE STATE
UNIVERSITY,

       Defendant.

UNPUBLISHED
December 8, 2015

No. 321857
Wayne Circuit Court
LC No. 07-729813-NH

Before: SAWYER, P.J., and K. F. KELLY and HOOD, JJ.

Fort Hood, J. (*dissenting*).

I respectfully dissent from the majority opinion. I disagree with the majority that common-law setoff applies in this medical malpractice action because defendant was not jointly and severally liable for plaintiff's prior 42 USC § 1983 claim against Wayne County. MCL 600.6304(6)(a) does not apply because the previous case involved a distinct, federal, constitutional claim regarding violation of civil rights, and not a medical malpractice claim. Accordingly, I would affirm the decision of the trial court.

The majority concludes that joint and several liability applies pursuant to MCL 600.6304(6) because this action is a medical malpractice claim and plaintiff is without fault. The majority opines that, because the current action is one for medical malpractice, the nature of plaintiff's former action is irrelevant. I disagree with this conclusion. MCL 600.6304 provides:

> (6) If an action includes a medical malpractice claim against a person or entity described in section 5838a(1), 1 of the following applies:
>
> (a) If the plaintiff is determined to be without fault under subsections (1) and (2), the liability of each defendant is joint and several, whether or not the defendant is a person or entity described in section 5838a(1). [MCL 600.6304(6)(a).]

-1-

Here, the majority concludes that the "action" is limited to the current case. However, the action must necessarily include all claims producing the same injury. See *Markley v Oak Health Care Investors of Coldwater, Inc*, 255 Mich App 245, 252; 660 NW2d 344 (2003). In *Markley*, plaintiff sued one at-fault medical provider and settled. *Id*. at 248. Plaintiff then sued the defendant for wrongful death. *Id*. As the majority cites, the Court held:

> Under established principles of joint and several liability, where the negligence of two or more persons produces a single, indivisible injury, the tortfeasors are jointly and severally liable despite there being no common duty, common design, or concert of action. Here, with regard to wrongful death, Community and [Oak Health], through successive negligent acts, produced a single, indivisible injury, i.e., the death of plaintiff's decedent. *Although plaintiff filed separate lawsuits*, Community and defendants are in theory jointly and severally liable for wrongful death, *and we shall treat them as such, otherwise a plaintiff in a similar situation could avoid the effect of our ruling today by simply suing joint tortfeasors in separate actions. We shall effectively treat defendants as if they had been sued jointly with Community by plaintiff in a single action.* [*Id*. at 251-252 (internal citations and footnote omitted) (emphasis added).]

Thus, to reach the majority's conclusion, all claims relating to plaintiff's birth would need to be considered the same action, one being the current medical malpractice claim. I disagree that plaintiff's § 1983 claim should be considered the same action as the current medical malpractice action. I cannot conclude that the legislature intended such a gross overextension of MCL 600.6304 as would result in this case. While plaintiff's two claims may be founded in the same occurrence, the underlying law and basis for each is completely distinct. 42 USC § 1983 allows a party to file an action for "the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" because of the actions of another person acting "under color of any statute, ordinance, regulation, custom, or usage, of any State." In contrast:

> In order to establish a cause of action for medical malpractice, a plaintiff must establish four elements: (1) the appropriate standard of care governing the defendant's conduct at the time of the purported negligence, (2) that the defendant breached that standard of care, (3) that the plaintiff was injured, and (4) that the plaintiff's injuries were the proximate result of the defendant's breach of the applicable standard of care. [*Craig ex rel Craig v Oakwood Hosp*, 471 Mich 67, 86; 684 NW2d 296 (2004).]

I conclude that these claims are completely dissimilar, and should not be considered the same "action" pursuant to MCL 600.6304(6), so as to extend joint and several liability to defendant.

Published case law from this Court has applied MCL 600.6304 to cases involving multiple malpractice actions separately filed, which I believe is the appropriate use of the statutory construct. *Markley*, 255 Mich App 245; *Velez v Tuma*, 492 Mich 1; 821 NW2d 432 (2012); *Greer v Advantage Health*, 305 Mich App 192; 852 NW2d 198, app gtd 497 Mich 920 (2014). I acknowledge that in *Bell v Ren-Pharm*, 269 Mich App 464; 713 NW2d 285 (2006), this Court held that the defendant pharmacy was jointly and severally liable in a situation where there were multiple tortfeasors and not all were medical agencies or practitioners. However, I

believe *Bell* can be distinguished from this case. In *Bell*, a potential case against the nonparty at fault would have sounded in state tort law, specifically negligence, which is comparable to medical malpractice. The current case is completely inapposite as it involves a federal civil rights claim and a state medical malpractice claim based on defendant's negligence. Accordingly, I would distinguish the holding in *Bell* from the current case.

For the reasons stated, I would affirm.

/s/ Karen M. Fort Hood