# STATE OF MICHIGAN

# COURT OF APPEALS

KEITH MOHN and LISA MOHN,

      Plaintiffs-Appellants,

v

HUNTINGTON NATIONAL BANK and
HUNTINGTON MORTGAGE COMPANY,

      Defendants-Appellees.

UNPUBLISHED
March 2, 2017

No.  329944
Oakland Circuit Court
LC No.  2015-144983-CH

Before:  JANSEN, P.J., and BECKERING and GADOLA, JJ.

PER CURIAM.

Plaintiffs, Keith and Lisa Mohn, appeal as of right the trial court's order granting summary disposition to defendants, Huntington National Bank (HNB) and Huntington Mortgage Company (HMC), pursuant to MCR 2.116(C)(10).  At issue on appeal is whether the trial court abused its discretion when granting HNB's motion for reconsideration at the inception of the case and setting aside the default that had been entered against HNB.  We affirm.

This case arises out of a future advance mortgage, which secured a $62,000 equity line of credit, acquired by plaintiffs in 2004.  Due to plaintiffs' failure to make payments on the loan, defendants scheduled a foreclosure sale for January 20, 2015.  Plaintiffs filed suit on January 14, 2015, alleging that defendants had failed to follow the legal requirements for notice of a foreclosure sale.  On January 26, 2015, plaintiffs sent the summons and complaint by certified mail without restricted delivery to HNB's headquarters in Ohio, addressed to "Huntington National c/o Stephen D. Steinour."  Steinour is HNB's chief executive officer.  The return receipt shows that someone named "Mirela Yoriw" signed for the certified letter.[1]  Upon plaintiffs' request, on February 26, 2015, the trial court entered a default against HNB for failure to plead or otherwise respond to the summons and complaint.

---

[1] The signature on the return receipt is difficult to decipher; this is the name the trial court and the parties settled upon.  There is no record evidence as to who this person is or what position, if any, he or she holds at HNB.

-1-

On March 11, 2015, HNB filed a motion to set aside the default, arguing that because plaintiffs had not properly effectuated service, the trial court had not acquired jurisdiction over HNB when it entered the default. The trial court denied HNB's motion on the grounds that HNB had not shown good cause or submitted an affidavit of facts showing a meritorious defense, pursuant to the requirements set forth in MCR 2.603(D)(1) for setting aside a default. On April 24, 2015, HNB moved the trial court to reconsider its order, contending that MCR 2.603(D)(1) was inapplicable because HNB was asserting lack of jurisdiction. The trial court granted HNB's motion for reconsideration and set aside the default, holding that, because plaintiffs had failed to establish the role of Mirela Yoriw at HNB, it was impossible to know whether effective service had been made upon HNB. Ultimately, the case concluded when the trial court granted defendants' motion for summary disposition under MCR 2.116(C)(10).

On appeal, plaintiffs argue that the trial court improperly granted HNB's motion for reconsideration because proper service was effectuated; consequently, MCR 2.603(D)(1) did apply, and as the trial court had initially concluded in its denial of HNB's motion, HNB failed to meet the court rule's requirements for setting aside a default.

We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Bill & Dena Brown Trust v Garcia*, 312 Mich App 684, 699; 880 NW2d 269 (2015). In order to succeed in a motion for reconsideration, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." MCR 2.119(F)(3). We also review a trial court's decision on a motion to set aside a default for an abuse of discretion. See *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 234; 600 NW2d 638 (1999). An abuse of discretion occurs "when the court's decision falls outside the range of principled outcomes." *Bill & Dena Brown Trust*, 312 Mich App at 699. The interpretation of court rules constitutes a legal question that we review de novo. *Salter v Patton*, 261 Mich App 559, 561; 682 NW2d 537 (2004).

Michigan's Supreme Court has explained: "A court 'cannot adjudicate [an in personam] controversy without first having obtained jurisdiction [over the] defendant by service of process . . . .' " *Lawrence M Clark, Inc v Richco Constr*, 489 Mich 265, 274; 803 NW2d 151 (2011), quoting *Eisner v Williams*, 298 Mich 215, 220; 298 NW 507 (1941). The court rule governing service of process is MCR 2.105. The rule "organizes the service of process choices according to the individual or corporate nature of the defendant[,]" and "[t]he methods described in the rule 'are intended to satisfy the due process requirement that a defendant be informed of an action by the best means available under the circumstances.' " *Bullington v Corbell*, 293 Mich App 549, 556; 809 NW2d 657 (2011), quoting MCR 2.105(J)(1). "Compliance with the court rules fulfills the constitutional requirement of 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.' " *Bullington*, 293 Mich App at 556, quoting *Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314; 70 S Ct 652; 94 L Ed 865 (1950).

A party served with process who fails to plead or otherwise defend is susceptible to having a default entered against it. MCR 2.603(A)(1). A default so entered may be set aside pursuant to MCR 2.603(D), which provides: "A motion to set aside a default or a default judgment, *except when grounded on lack of jurisdiction over the defendant*, shall be granted only

if good cause is shown and an affidavit of facts showing a meritorious defense is filed." MCR 2.603(D)(1) (emphasis added). Good cause may be shown by: "(1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand." *Shawl v Spence Bros, Inc*, 280 Mich App 213, 221; 760 NW2d 674 (2008) (quotation marks and citations omitted).

Contrary to plaintiffs' presumption, HNB did not file its motion to set aside the default pursuant to MCR 2.603. Rather, HNB contended that because service of process was defective, the trial court had not acquired jurisdiction over HNB at the time it entered the default, and accordingly, the default should be set aside. See *Lawrence M Clark, Inc*, 489 Mich at 274.[2]

There is no dispute that HNB is an active private corporation. Pursuant to MCR 2.105(D), service of process on an active domestic or foreign private corporation may be made by:

> (1) serving a summons and a copy of the complaint on an officer or the resident agent;

> (2) serving a summons and a copy of the complaint on a director, trustee, or person in charge of an office or business establishment of the corporation and sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation[.][3]

Plaintiffs contend that they perfected service on HNB under either MCR 2.105(D)(1) or (2) because they "served" a copy of the summons and complaint by certified letter to a person who, "[u]pon information and belief . . . was on [sic] officer, resident agent director, trustee, or person in charge of an office or business establishment of the corporation[.]" Plaintiffs misapprehend the requirements of proper service.

"With regard to private corporations, the court rules require *personal* service on an officer, [resident] agent, director, trustee, or person in charge of an office or business establishment." *Bullington*, 293 Mich App at 557, citing MCR 2.105(D)(1) and (2) (emphasis added). "If service is made by serving a summons and copy of the complaint on a director, trustee, or person in charge of an office of business establishment, the plaintiff must also send a

---

[2] See also *Dogan v Michigan Basic Property Ins Ass'n*, 130 Mich App 313, 320; 343 NW2d 532 (1983) (". . . the proper basis for vacating the default judgment where service of process was defective is that the defective service deprived the trial court of personal jurisdiction over the defendant and the trial court was, therefore, without legal authority to render a judgment (by default or otherwise))."

[3] MCR 2.105(D)(3) and (4) provide other service of process options that are inapplicable under the circumstances.

summons and complaint 'by registered mail, addressed to the principal office of the corporation.' " *Id.*, quoting MCR 2.105(D)(2).[4]

In the present case, plaintiffs do not argue, nor does the record show, that plaintiffs did anything other than send their summons and complaint via certified mail to HNB's corporate office, where someone of uncertain name and unknown position signed for it. Under neither (D)(1) nor (D)(2) does that alone constitute proper service. Because plaintiffs failed to comply with proper service requirements under MCR 2.105 and there is no evidence that the trial court had otherwise acquired personal jurisdiction over HNB, the trial court lacked jurisdiction when it entered the default against HNB.[5]

HNB's motion to set the default aside was grounded on lack of jurisdiction. Consequently, the trial court erroneously analyzed the motion under MCR 2.603(D), which is inapplicable where such motion is "grounded on lack of jurisdiction over the defendant." MCR 2.603(D)(1). The trial court did not abuse its discretion when granting HNB's motion for reconsideration because HNB demonstrated that the trial court had committed palpable error by relying on MCR 2.603(D), and because the trial court had not acquired personal jurisdiction over HNB at the time it entered the default, the trial court did not abuse its discretion in setting aside the default.

Affirmed.

/s/ Kathleen Jansen
/s/ Jane M. Beckering
/s/ Michael F. Gadola

---

[4] A person may use registered mail to serve process when a corporation "has failed to appoint and maintain a resident agent." MCR 2.105(D)(4)(a). Nothing in the record supports that HNB failed to appoint or maintain a resident agent.

[5] The obligation to answer a complaint is only triggered after being properly served with the summons and complaint or otherwise having the defects in service cured (such as where the defendant nonetheless acknowledges receiving the summons and complaint by formally responding to them), neither of which has been shown here. See *Dogan*, 130 Mich App at 319-320 ("The validity of the default and the default judgment must ultimately turn upon the fact of due service of process. If there is a motion to set aside the default or the default judgment or if there is a collateral attack upon the default judgment, the facts constituting due service of process will have to be shown."); *Hill v Frawley*, 155 Mich App 611, 614; 400 NW2d 328 (1986).